E545

Joseph. J. Perrone, Esq.
Stanton J. Terranova, Esq.
Giuliano McDonnell & Perrone, LLP
*Attorneys for Plaintiff-Petitioner, Tappan Zee Constructors, LLC*
5 Penn Plaza, 23rd Floor
New York, New York 10001
Telephone:    (646) 328-0120

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
IN THE MATTER OF THE COMPLAINT OF
TAPPAN ZEE CONSTRUCTORS, LLC, AS
OWNER OF THE BARGE FF#14 FOR
EXONERATION FROM OR LIMITATION OF
LIABILITY,

Civil Action No.:

**COMPLAINT FOR
EXONERATION FROM OR
LIMITATION OF LIABILITY**

Plaintiff-Petitioner.
---------------------------------------------------------------x

Plaintiff-Petitioner, TAPPAN ZEE CONSTRUCTORS, LLC, (hereinafter "TZC"), by and through its attorneys. Giuliano McDonnell & Perrone, LLP, as and for its complaint seeking exoneration from or limitation of liability, alleges up information and belief as follows:

1.  This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and is asserted under the admiralty and maritime jurisdiction of this Court pursuant to Article III, Section 2 of the Constitution of the United States of America and under 28 U.S.C. § 1333.

2.  Venue properly lies with this Court, as a legal action commenced by one or more potential Claimants has been filed in the United States District Court, Southern District of New York, and all of the events for which limitation is sought occurred within this district.

3.  This is a maritime proceeding in which Plaintiff-Petitioner, TZC, as owner of a certain composite spud barge, identified as the Barge FF#14, seeks exoneration from liability, or in the alternative, seeks to limit its liability pursuant to 46 U.S.C. §30501 *et seq*. as a result of a marine accident wherein during the course of a spud being raised on the Barge FF#14 in

1

E545

anticipation of moving it to another location, the said spud went into free-fall while being operated by non-TZC employees, under the supervision of non-TZC employees on and during October 17, 2019. The said marine accident took place while the Barge FF#14 was properly spudded in a designated location with the Mario M. Cuomo Memorial Bridge Construction Zone on the Hudson River at the approximate mile marker 23.5, which is within the territorial waters of the Southern District of New York, and resulted in a marine casualty that injured Mr. John McLoughlin, a non-TZC employee who was at the time, a member of the tugboat Shawn Miller's crew but located aboard the Barge FF#14.

4. At all times hereinafter mentioned, Plaintiff-Petitioner, TZC, was and currently is a Delaware limited liability company with its principal office and place of business located at 555 White Plains Road, Suite 400, Tarrytown, New York 10591.

5. At all times hereinafter mentioned, Plaintiff-Petitioner, TZC, was and currently is the owner of the Barge FF#14. The Barge FF#14 is currently located within this judicial district.

6. The Barge FF#14 is a vessel (as the term is defined under 1 U.S.C. § 3, 46 U.S.C. § 115. And 46 U.S.C. § 102) that is of a non-self-propelled, component-type spud barge design, with a flat bow and hard-chined hull, made up from nine (9) sections and has the overall approximate overall dimensions of 100' long x 30' wide x 7' high and displaces approximately 182 gross tons.

7. On or about October 16, 2019, Barge FF#14 began its voyage when it was moved by a TZC directed tugs to the south side of the Mario M. Cuomo Memorial Bridge, south and east of Pier 75, and remained on the said voyage at that location at the time of the marine accident on October 17, 2019 and through the relevant periods thereafter until October 18, 2019, when a TZC directed tug moved the vessel from said location at the conclusion of the voyage.

E545

8. TZC, as owner of the Barge FF#14, used due diligence to make said component spud barge seaworthy at and prior to the time the Barge FF#14 left for its voyage and was moored and spudded in place on October 16, 2019; and at all relevant times the Barge FF#14 was tight, staunch, strong, properly equipped, fitted, supplied, and moored and in all respects seaworthy and fit for the service in which said barge was engaged during the voyage that started on or about October 16, 2019, and ended on or about October 18, 2019.

9. On or about October 17, 2019 while the Barge FF#14 was properly spudded in an appropriate location an accident occurred on its deck, not of its own cause or making.

10. On or about October 17, 2019 at approximately 2:00 pm, while the Barge FF#14 was properly spudded on location on the south side of the Governor Mario M. Cuomo Memorial Bridge, east of Pier 175, at the approximate location of 41° 04' 14" North, 073° 52' 58" West while raising the starboard aft spud there was an equipment failure in the spud's winch lifting system that caused the spud to free-fall, resulting in damage to the spud well and to an injury to Mr. John McLoughlin.

11. At the time the accident, the spud lifting winch was being operated by a Ballard Marine Construction employee and was being supervised by Miller Tug and Barge Inc. or Miller Marine, Inc. (Hereafter collectively ("Miller's) employee John McLoughlin, who was actively directing the raising of the spud.

12. At the time of the accident which occurred on October 17, 2019 there were no TZC personnel present on the Barge FF#14 or on the tugboat the Shawn Miller.

13. It is believed by TZC that at the time of the accident which occurred on October 17, 2019 there were at least four (4) Ballard Marine employees plus Miller's employee John McLoughlin aboard the Barge FF#14 and a Miller's employee aboard the tugboat Shawn Miller that was made fast to the stern of Barge FF#14

**E545**

14. Any losses or injuries John McLoughlin and or any and all others presently unknown to TZC resulting from the aforementioned incident, for which claims have been made against TZC, or which claims may be made against TZC for all other damages in any manner arising out of said incident or said voyage of the Barge FF#14 were not caused or contributed to by any fault, negligence or want of due care on the part of TZC, or of any person or persons from whom TZC was, or is, responsible for, but were caused by the conduct or omission of others, including those aboard the Barge FF#14 and/or Ballard Marine, Miller's or Miller's tugboat Shawn Miller.

15. As a result of the aforementioned incident, any losses, damages, injuries or deaths resulting therefrom for which claims have been made or may be made against TZC, and any and all other damages in any matter arising out of said October 17, 2019 incident, were occasioned and had occurred without the privity or knowledge of TZC.

16. As a result of the aforementioned October 17, 2019 incident, TZC has been and or will be presented with claims by John McLoughlin and potentially others, including Miller's, Ballard Marine and others.

17. The claims set forth above, upon information and belief will amount to a sum substantially greater than TZC's ownership interest in the Barge FF#14.

18. In addition to the foregoing claims, TZC believes that additional claims may be asserted and actions may be bought against them by other non-parties or individuals, including those who may have been involved in the October 17, 2019 incident while on board the tugboat Shawn Miller or on board the Barge FF#14, and who may have sustained losses or injuries by reason of the aforementioned incident.

19. On January 24, 2020 Miller's Tug and Barge, Inc. and Miller's Marine, Inc. as owners and/or owners *pro hac vice* of the tugboat Shaw Miller filed a complaint for exoneration

E545

from or limitation of liability in the United States District Court, Southern District of New York, under Civil Action No.: 2:20-cv-00562.

20. There are no demands, unsatisfied liens, or claims of liens arising out of the aforementioned voyage against the Barge FF#14 or TZC, or any suits or legal proceeding other than the pending actions identified in paragraph 20.

21. This complaint is filed within six months of the date of the accident, October 17, 2020, and is therefore also within six months of the date any petitioner/plaintiff herein could have received first written notice of claim from any claimant or potential claimant resulting from the accident.

22. TZC as owner of the Barge FF#14 alleges that the value of said barge and its interest therein at termination of the voyage following the alleged incident on October 17, 2020 did not exceed the sum of $437,000.00 and there is no pending freight for that voyage. Thus, the collective value of TZC's interest in the Barge FF#14 does not exceed the sum of $437,000.00, which value is substantially less than the amount of the claims which have been made and for which it is anticipated will be brought against TZC.

23. Subject to an appraisal of its interest on the reference, TZC offers an *Ad Interim* stipulation for the value of the Barge FF#14 in the sum of $437,000.00, said sum being not less than the actual value of all of TZC's collective interest in the Barge FF#14 as indicated by the affidavit of Pierce N. Power.

24. Plaintiff-Petitioner TZC contests its liability and the liability of the Barge FF#14 for the injuries, losses, and or damages occasioned or incurred upon said Barge FF#14's voyage, including any incident/accident on October 17, 2019.

25. Plaintiff-Petitioner TZC claims exoneration from liability for any and all deaths, losses, damages or injuries, done, occasioned, or incurred during the voyage aforesaid, and for any

5

E545

and all claims for damages that have been or may hereafter be made. In addition, TZC has valid defenses to any claims asserted on the facts and the law, and TZC expressly denies that it is liable to any claimants for any loss or damage. TZC herein reserves its right to contest, in this Court or any other court, any claim of liability whether against it or against the Barge FF#14.

26. Plaintiff-Petitioner TZC, as owner of the Barge FF#14, claims exoneration from liability for any and all injuries, losses, and damages, done occasioned, or incurred during the voyage aforesaid, and for any and all claims for damages that have been or may hereafter be made. TZC has valid defenses thereto on the facts and on the law. Although filing a stipulation for security herein, TZC does not admit, and expressly denies, that it is liable for any loss or damage. TZC herein reserves the right to contest, in this Court or any court, any claim of liability whether against it or against the Barge FF#14.

27. Plaintiff-Petitioner TZC further claim the benefits of the limitation of liability provided in 46 U.S.C. §§ 30501-30512 and the various statutes supplemental thereto and amendatory thereof, referred to as the Limitation of Ship Owners Liability Act; and to that end, TZC's deposit with the Court security for the benefit of the claimants, an *Ad Interim* stipulation in the amount of $437,000.00 with sufficient guarantee, which is not less than the value of the collective interests of TZC in the Barge FF#14 and its freight, as provided by the aforesaid statutes and by Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims for the Federal Rules of Civil Procedures and by the local rules and practices of this Honorable Court.

**WHEREFORE**, Plaintiff-Petitioner TZC prays:

A. That this Court issue an Order approving the above-described *Ad Interim* Stipulation for Value, with guarantee, deposited by TZC as security for the amount or value of Plaintiff-Petitioner TZC's collective interest in the Barge FF#14 along with freight then pending;

E545

  B. That this Court issue Notice to all persons asserting claims with respect to which the Complaint seeks limitation and exoneration of, admonishing them to file their respective clams with the Clerk of the Court and to serve on the attorneys for the Plaintiff-Petitioner a copy thereof, on or before a date to be set in the Notice, and that if any claimants desire to contest Plaintiff-Petitioner TZC's right to exoneration from liability or its right to limit its liability, then said claimant shall serve on the attorneys for Plaintiff-Petitioner herein an Answer to the Complaint on or before the set date, and unless his/her/its claim has included an answer so designated, the claim shall be forever barred;

  C. That the Court enjoin the prosecution of any and all proceedings already begun arising out of Barge FF#14's voyage, including any proceedings arising out of the alleged accident on October 17, 2020, and enjoin the commencement hereafter of any suits or proceedings of any nature, except those already filed in this Court (identified in paragraph 19 above) or as part of this proceeding, against TZC, it agents, representatives or insurers, or against the Barge FF#14, in any respect of any claim arising out of the aforesaid voyage and casualty;

  D. That this Court adjudge that Plaintiff-Petitioner TZC is not liable to any extent for any loss, damage, or injury, or for any claim thereof in any way arising out of, or resulting from, the aforementioned October 17, 2019 incident involving the Barge FF#14, or anything else done, occasioned or occurring during the voyage that began on October 16, 2019 and ended on October 18, 2019;

  E. That if TZC shall be adjudged liable, any such liability be limited to the amount or value of its interest in the Barge FF#14 and any freight pending at the conclusion of the voyage on which said barge was engaged at the time of the October 17, 2019 incident, and that TZC be discharged therefrom upon the surrender of such interest, and that the money surrendered, paid, or secured to pay the aforesaid be divided *pro rata* according to the herein above-mentioned statutes

E545

and rules amongst such claimants as may duly prove their claims before this Court, to all claimants and other responsible parties to which they may be legally entitled to recover from; and that judgement may be entered discharging TZC and the Barge FF#14 from any further liability;

      F.    That Plaintiff-Petitioner may have such other, further and different relief which as to this Honorable Court in furtherance of the pursuits of justice shall necessarily have to be granted to TZC as just, proper, and equitable.

Dated: New York, New York
       March 30, 2020

                                    Giuliano McDonnell & Perrone, LLP
                                    *Attorneys for Plaintiff-Petitioner,*
                                    *Tappan Zee Constructors, LLC*

By: _____
     Joseph. J. Perrone, Esq.
     Stanton J. Terranova, Esq.
     5 Penn Plaza, 23rd Floor
     New York, New York 10001
     Telephone:   (646) 328-0120
     Email: jperrone@gmplawfirm.com
     Email: steranova@gmplawfirm.com