USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 4/3/2020

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
IN THE MATTER OF THE COMPLAINT OF
TAPPAN ZEE CONSTRUCTORS, LLC, AS
OWNER OF THE BARGE FF#14 FOR
EXONERATION FROM OR LIMITATION OF
LIABILITY,

                Plaintiff-Petitioner.

-----------------------------------------------------------------x

Civil Action No.: **20-cv-02657**

**ORDER APPROVING TZC'S *AD INTERIM* SECURITY FOR VALUE, DIRECTING ISSUANCE OF NOTICE TO CLAIMANTS, AND RESTRAINING SUITS**

A Complaint having been filed herein on March 30, 2020, by Tappan Zee Constructors, LLC ("TZC"), as owner of Barge FF#14 for exoneration from or a limitation of liability pursuant to 46 U.S.C. §§ 30501-30512 and the statutes supplemental thereto and amendatory thereof, and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, for loss, damage, death or injury caused by and/or resulting from an incident involving the FF#14 while said barge was on a voyage upon the Hudson River during the period October 16, 2019 to October 18, 2019, including during a marine accident when John McLoughlin, a deckhand not employed by TZC, was aboard Barge FF#14 occurring on or about October 17, 2020, at or around 2:00 p.m. while said barge was located upon the Hudson River spudded on the adjacent to the south side of the Mario M. Cuomo Memorial Bridge, East of Pier 175, at the approximate location of 41° 04' 14" North, 73° 52' 58" West, as it is more fully described in the Complaint;

**AND** the Complaint having stated that the collective value of Plaintiff-Petitioner, TZC's interest in the Barge FF#14 is in the aggregate of $437,000, as indicated by the Affidavit of Pierce N. Power, sworn to on March 27, 2020;

**AND** the Plaintiff-Petitioner, TZC, having deposited with the Court as security for the benefit of the claimants, an *Ad Interim* Stipulation for Value, dated March 27, 2020, by surety, with guarantee not less than equal to the amount of the value of its collective interest in Barge FF#14, and in the sum of $437,000, with interest from its date, executed by Liberty Mutual Insurance Company, Starr Indemnity & Liability Company and Zurich American Insurance Company, as guarantors, now on petition of Giuliano McDonnell & Perrone, LLP, attorneys for Plaintiff-Petitioner, TZC,

It is on this __3__ day of April, 2020,

**ORDERED** as follows:

1. The above-described *Ad Interim* Stipulation for Value, with sureties, Liberty Mutual Insurance Company, Starr Indemnity & Liability Company and Zurich American Insurance Company guarantee, deposited by Plaintiff-Petitioner/owner Tappan Zee Constructors, LLC with the Court for the benefit of claimants in the sum of $437,000, with interest as aforesaid, as security for the amount or value of the owners' collective interest in Barge FF#14, be and hereby is approved.

2. The Court upon petition shall cause due appraisement of such value and may thereupon Order said security be increased or reduced if it finds the amount thereof insufficient or excessive; and also upon demand, the Court may similarly Order such increase or reduction if it finds that such an Order is necessary to carry out the provisions of 46 U.S.C. § 30506 with respect to the loss of life or bodily injury.

3. An Order shall be issued by the Clerk of this Court to all persons asserting claims with respect to which the Plaintiff-Petitioner seeks exoneration or limitation, admonishing them to file their respective claims with the Clerk of the Court in writing, and to serve upon Giuliano McDonnell & Perrone LLP, attorneys for Plaintiffs-Petitioners, a copy thereof on or before the **26th** day of **June**, **2020** or be defaulted; and that if any claimant desires to contest either the right to exoneration from or the right to limitation of liability, he/she/it shall file with the Clerk of this Court and serve upon the Plaintiff-Petitioner's attorneys an answer to the Complaint on or before the set date, and unless his/her/its claim has included an answer to the Complaint, so designated, he/she/it will be defaulted.

4. The aforesaid notice shall be published in The Journal News, a newspaper with general circulation including Westchester County, New York once a week for four (4) consecutive weeks before the return date of said notice as provided by the aforesaid Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims and copies of the notice shall also be mailed in accordance with said Rule F to every person known to have any claims or potential claims against Plaintiff-Petitioner or Barge FF#14.

5. Further, prosecution of any and all actions, suits or proceedings already commenced, and the commencement or prosecution thereafter of any and all suits, actions or proceedings, of any nature and description whatsoever in any jurisdiction, except all those pending in this Honorable Court, including the legal proceedings filed by: Miller's Tug and Barge, Inc., and Miller's Marine, Inc. (Civil Action No.: 1:20-cv-00562), and the taking of any steps and the making of any motion in such action, suits or proceedings against the Plaintiff-Petitioner/owner TZC, or against Barge FF#14, against any property of the TZC or the Barge FF#14, except in this action, to recover damages for or in respect of any loss, damage, death or injury caused by or

resulting from the aforesaid incident occurring on or about October 17, 2019, or anything else done, occasioned, or incurred on said voyage of the Barge FF#14, as averred in the Complaint, be and they hereby are restrained, stayed and enjoined until the hearing and determination of this action.

6. Service of this Order as a restraining order may be made through the United States postal service by mailing a conformed copy thereof to the persons to be restrained or their respective attorneys.

Dated: April 3, 2020

_____
Andrew L. Carter, Jr.
United States District Judge