# HOFMANN & SCHWEITZER

COUNSELLORS AT LAW AND PROCTORS IN ADMIRALTY
212 West 35th Street, 12th Floor
NEW YORK, NY 10001
Telephone: (212) 465-8840

| | |
|---|---|
| PAUL T. HOFMANN* | Fax: (212) 465-8849 |
| TIMOTHY F. SCHWEITZER* | Fax: (844) 570-8674 |

_____

DARIO ANTHONY CHINIGO*
JOSEPH G. FATTORUSSO*

*Also Admitted in NJ

NEW JERSEY OFFICE:
1130 ROUTE 202 SOUTH , SUITE A7
RARITAN, NJ 08869
(908) 393-5662

Writer's Email:
paulhofmann@hofmannlawfirm.com

OFMANNLAWFIRM.COM
HOFMANNLAWFIRM.COM

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:   5/25/22

May 24, 2022

Via ECF

Magistrate Judge Barbara C. Moses
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 740
New York, NY 10007

## MEMO ENDORSED

Re:     In the Matter of the Complaint of Miller's Tug and Barge, Inc., et al.,
        20 Civ. 562 (ALC)(BCM)

        In the Matter of the Complaint of Tappan Zee Constructors, LLC
        20 Civ. 2657 (ALC)(BCM)

Dear Magistrate Judge Moses:

A discovery dispute has arisen which claimants ask you to resolve. Pursuant to Rule 26, claimants have requested the address, telephone number and last known employer of a witness who was a Tappan Zee Constructors employee (but no longer) in a low-level field engineering capacity. Claimants seek to interview this gentlemen, Gary Worden, for his percipient recollections of conditions on the job site, and his own activities, related to the equipment failures that led to claimant John McLoughlin's injuries.  Mr. Perrone, TZC's counsel, has objected to providing this witness information.  I made the request for Mr. Worden's information in writing, asking for TZC to "[p]lease provide the last known address, telephone number and employer for Gary Worden."

Mr. Perrone responded by refusing to provide the information because any interview of Mr. Worden would have to be arranged by him and in his presence, otherwise, I would need to obtain a court order compelling him to provide the information and permit an ex parte interview of the witness by claimants' counsel.  Earlier today we exchanged detailed position letters. Then this afternoon Mr. Perrone and I had a quarter hour conference, without agreement.

As you are aware from our many conferences, Tappan Zee Constructors has produced some 700,000 pages of documents that have potential relevance to the claims asserted.  In those documents are several related to Mr. Worden's activities as a field engineer doing inspections of

**HOFMANN & SCHWEITZER**

-Page 2-

the work barges on site, arranging for repairs of the equipment, and in particular, the spud wire failures on the dozen or so demolition activities related barges. We have taken numerous depositions of TZC witnesses, and his name has come up several times.

We have pointed out to counsel that there is no ethical prohibition for our interviewing low level management percipient witnesses, even of employees of corporate clients, as has been established by the New York Court of Appeals in *Niesig v. Team I*, 76 N.Y.2d 363 (Ct.App.1990). There, plaintiff's counsel wished to conduct interviews of co-workers without defense counsel present. The Court of Appeals stated that plaintiff's counsel was prohibited from speaking only with those corporate employees of such a high level of control therein whose statements would bind the company.  It also determined, however, that those employees of lower levels could be interviewed without the presence of defendant's counsel.

> In practical application, the test we adopt thus would prohibit direct communication by adversary counsel `with those officials, but only those, who have the legal power to bind the corporation in the matter or who are responsible for implementing the advice of the corporation's lawyer, or any member of the organization whose own interests are directly at stake in a representation.' (cite omitted)  This test would permit direct access to all other employees, and specifically -as in the present case - it would clearly permit direct access to employees who were merely witnesses to an event for which the corporate employer is sued.  *Id.* at 374-75.

Mr. Worden was a lower level field engineer making observations of the performance of the demolition teams. He apparently visited the various work barges on a daily basis, and facilitated repairs to those barges. I would like to interview him as to what he knows about the failures and root causes thereof. It will go to my obligation to show that TZC had 'privity and knowledge' of the failures, the reasons therefore, and the failures to do anything to ameliorate the hazards and effects of those failures.

The issue, I believe, is best framed as follows:

The Federal Rules require all parties to disclose names, addresses and phone numbers of all witnesses. The limitation upon the interviews is a separate issue, guided by ethical considerations. Disclosure of the witness's identifying information and my receipt thereof is not an ethical issue. Were I to speak to a high-level manager without counsel present, it would perhaps be an ethical issue. But that is not what is sought here. First, we do not know who his employer is, but we have been advised that he is not a TZC employee.

Mr. Perrone is mixing apples and oranges. There is no privilege that allows him to prevent <u>disclosure</u> of full identification of a witness. The attorney client privilege preventing opposing counsel from interviewing a represented witness *ex parte* is ruled by ethical concerns -

**HOFMANN & SCHWEITZER**

-Page 3-

a matter of state law. For 32 years the *Niesig* decision from the New York Court of Appeals has guided the ethical obligations of lawyers in New York as to which percipient witnesses can be interviewed by counsel without a defense counsel interfering. The *Niesig* decision considered various federal authorities on what constituted a 'represented party' and came to its conclusion balancing the search for information and truth against the need to protect a party from overreaching. In *Niesig* the issue was being considered under former DR 7-104, now found in the Rules of Professional Conduct, Part 1200, Rule 4.2.  The language is essentially the same.

Additionally, in *Muriel Siebert & Co., Inc. v Intuit Inc.*, 8 NY3d 506 [2007], the Court held that the ethical prohibition does not apply to interviews of former corporate employees. Mr. Worden is a former employee, not a current employee, of TZC, so the prohibition in the RPC does not apply at all.

Thank you for your continued attention to this matter.

Respectfully yours,

HOFMANN & SCHWEITZER

By: _____

Paul T. Hofmann

PTH/gh

c: All counsel via ECF

---

TZC shall respond no later than **May 27, 2022.** TCZ is reminded that contact information for a potential percipient witness is presumptively discoverable on request, *see* Local Civ. P. 33.3(a), and may also be subject to automatic disclosure. *See* Fed. R. Civ. P. 26(a)(1)(A)(i) (party must automatically disclose address and telephone number of witnesses likely to have discoverable information if disclosing party "may use" that information to support its claims or defenses).  Whether claimants' counsel is entitled to interview Mr. Worden outside of the presence of TCZ's counsel is a separate question, depending upon whether, for example, the witness is a current TCZ employee, *see Niesig v. Team I*,  76 N.Y.2d 363, 559 N.Y.S.2d 493, 496 (1990) (ethical prohibition against *ex parte* contacts "applies only to current employees, not to former employees"); *Muniz v. Re Spec Corp.*, 230 F. Supp. 3d 147, 156-57 (S.D.N.Y. 2017) (*Niesig v. Team I*,  76 N.Y.2d 363, 369, 559 N.Y.S.2d 493 (1990) ("This is a bright-line test routinely applied by the federal courts sitting in New York."), or whether, regardless of his employment status, the witness is jointly represented by TCZ's counsel. *See* N.Y. Rules of Prof'l Conduct, Rule 4.2(a).  **SO ORDERED.**

_____

**Barbara Moses**
**United States Magistrate Judge**
**May 25, 2022**